## Case No. 11,261.

POMEROY v. NEW YORK & N. H. R. CO.

[4 Blatchf. 120.] [1]

Circuit Court, S. D. New York.  Dec. 23, 1857.

JURISDICTION OF SUITS AGAINST FOREIGN CORPORATIONS—SERVICE ON OFFICER WITHIN DISTRICT—JUDICIARY ACT OF 1789—EFFECT OF STATE LAW.

1. This court has, under the 11th section of the judiciary act of 1789 (1 Stat. 78), no jurisdiction of a civil suit against a corporation created by the laws of another state, where the suit is commenced by the service of process within this district, upon an officer of the corporation.

[Cited in Hatch v. Chicago, R. I. & P. R. Co., Case No. 6,204; Myers v. Dorr, Id. 9,988;

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Decker v. New York Belting & Packing Co., Id. 3,727.]

[Distinguished in Baltimore & O. R. R. v. Wightman, 29 Grat. 436.]

2. The provisions of said 11th section, which require that every civil suit brought against an inhabitant of the United States must be brought in the district of which he is an inhabitant, or in which he is found at the time of serving the writ, cannot be altered or modified by any state law.

[Cited in Stillwell v. Empire Fire Ins. Co., Case No. 13,449; Williams v. Empire Transp. Co., Id. 17,720; Fonda v. British-American Assur. Co., Id. 4,904; Runkle v. Lamar Ins. Co., 2 Fed. 11.]

3. Therefore, a law of New York, in regard to a Connecticut corporation, declaring it liable to be sued by summons in the same manner as corporations created by the laws of New York, and that the process might be served on an officer or agent of the corporation, cannot have the effect to give to this court jurisdiction of a suit against such corporation, by the service of process, within this district, on an officer or agent of such corporation.

[Quoted in Williams v. Empire Transp. Co., Case No. 17,720. Cited in Main v. Second Nat. Bank, Id. 8,976; Kelsey v. Pennsylvania R. Co., Id. 7,679; Leonard v. Lycoming Fire Ins. Co., Id. 8,258; Ex parte Schollenberger, 96 U. S. 378; Zambrino v. Galveston, H. & S. A. Ry. Co., 38 Fed. 452.]

This was an action at law [by Alexander H. Pomeroy] against a corporation created by the laws of the state of Connecticut. The suit was commenced by the service of process upon an officer of the company within the Southern district of New York. The case came up on a demurrer to a replication to the plea of the defendants.

Daniel D. Lord, for plaintiff.
William Curtis Noyes, for defendants

NELSON, Circuit Justice. The question presented upon the pleadings is, whether or not the court has jurisdiction to hear and determine the matters in controversy.

The judiciary act of 1789 (1 Stat. 78, § 11) provides, that no civil suit shall be brought in the circuit court against an inhabitant of the United States, by any original process, in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ. In the case of Day v. Newark India Rubber Co. [Case No. 3,685], it was held, that a corporate body created by the legislature of New Jersey could have no existence beyond the limits of the territory of that state, and that the service of process upon its president in the city of New York, gave to the circuit court no jurisdiction over the defendants, it not being an inhabitant of the district, and the service of process upon the company not having been made within the district.

The case now before the court has a feature not found in that case, which is relied on to distinguish it. By a statute of New York, passed May 11th, 1846, permission and authority were given to this Connecticut company, to continue and extend its railroad,

(which was a road from New Haven to the New York line,) from the dividing line of the two states, through the county of Westchester, in New York, to connect with the New York and Harlem line of road; and it was authorized to take, transport and convey persons and property on the same, by the power of steam or animals. The company was also authorized to procure and hold such real estate as should be necessary and convenient for the purposes of the road, to construct the same with one or more tracks, to regulate the time and manner of transporting passengers and goods, to erect station-houses and other necessary buildings, and to fix and regulate the charges for the conveyance of persons and property, &c. The act further provided, that the company should be liable to be sued by summons, in the same manner as corporations created by the laws of the state, and that the process might be served on an officer or agent of the company. The company has availed itself of the privileges and franchises of this statute of New York, and has built the road and put it in operation, and is undoubtedly to be regarded as having submitted to the conditions imposed; and, if this were a suit in a state court of New York, there could be little, if any, difficulty in maintaining the suit upon the present service of the process. Indeed, this very point was decided in the case of Lafayette Ins. Co. v. French, 18 How. [59 U. S.] 404. That was a suit upon a judgment recovered in a state court in Ohio, against a corporation of the state of Indiana, upon a service of process on an agent in Ohio. But the difficulty here is in giving effect to this law of New York, providing for service of process on the defendants. That is regulated, as to this court, by the act of congress of 1789, already referred to, and cannot be altered or modified by any state law. According to that act, the defendant must be an inhabitant of the district, or be served with process within it, in order to give the court jurisdiction. Now, service of process, by the assent of this company, upon an agent, within the state, or within the Southern district of New York, cannot be said to be service upon an inhabitant of the district, or upon a person within it. The corporation is still a Connecticut company, resident within the state of Connecticut, but consenting to be sued in New York by service of process on its agent; and, however effectual this service may be in conferring jurisdiction over the company, upon tribunals governed by the laws of New York, it cannot have that effect in respect to the federal tribunals, which are not only not governed by the state laws, but are governed by the act of congress, which has prescribed a different rule.

It is argued, however, that, in view of the facts, that the law of New York provides, and that of Connecticut consents, that the company may acquire lands in the former state, enter upon them, construct its road,

regulate the running of the cars, fix charges for transportation, and run its trains, &c., and that the company is exercising and enjoying those franchises, it must be regarded as, in judgment of law, being present within the district at the time of the service of the process, and as being empowered to exist and act in the county of Westchester, and, of course, in the district; and that a corporation may have two domicils—one in New York and the other in Connecticut. Whether the two laws referred to have any other force or effect than to authorize and license a Connecticut corporation to enjoy and exercise certain rights and privileges in the state of New York, it is not important to inquire; for it seems to me, that, if any other or greater effect is to be given to them, and if that body is to be deemed to exist in New York, in its corporate capacity, it must be regarded as so existing as a New York corporation. As a foreign corporation, it cannot be said to have any legal existence in New York. Its existence in the foreign state may be recognized in New York, and the exercise of many rights and privileges may be permitted to it, either by express statute, or by the comity of her courts. Bank of Augusta v. Earle, 13 Pet. [38 U. S.] 519. But, its corporate existence in New York can be created only by New York laws, and by making it a New York corporation. The idea thrown out by Lord St. Leonards, in Carron Iron Co. v. Maclaren, 35 Eng. Law & Eq. 37, 57, 62, that the place of business of a foreign corporation may, for the purpose of jurisdiction, be properly deemed its domicil in the country in which the suit is brought, was not adopted by the other judges. And, certainly, there would be great difficulty in assenting to it, upon any sound principle, as giving jurisdiction over the corporation itself. The jurisdiction of the court over the property of the foreign company, found within the country, at its place of business, is a very different question. Lord Brougham put a very pertinent question, in his opinion upon this subject, by asking whether, in case the foreign corporation disobeyed the process served upon its agent, in another country, the court would punish the agent for the contumacy. In that case, the attempt was made to enjoin a Scotch corporation, by service upon its agent, at a place of business in England.

Upon the whole, as at present advised, I think the court has no jurisdiction of the defendants; and, if my opinion upon the point was more doubtful than it is, I should be unwilling, in a case of the magnitude of the present one, to entertain the jurisdiction, when there are tribunals before which the case may be heard and determined unembarrassed with this question.

There must be judgment for the defendants, on the demurrer.